ROTHSCHILD v. WEINGREEN.

(Supreme Court, Appellate Term. February 18, 1910.)

ASSAULT AND BATTERY (§ 27*)—CIVIL LIABILITY—ACTION—ADMISSION OF EVI
    DENCE.

In an action for damages for assaulting plaintiff and attempting to kiss
her, admission of evidence as to whether defendant had been divorced and
had been named a co-respondent in a divorce suit was reversible error.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 37–
39; Dec. Dig. § 27.*]

Appeal from City Court of New York, Trial Term.

Action by Lillian H. Rothschild against Emanuel Weingreen. From
a judgment for plaintiff, and an order denying a motion for new trial,
defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Stover & Hall (Martin L. Stover, of counsel), for appellant.
Leon Kronfeld, for respondent.

SEABURY, J. The plaintiff was employed as a model by the de-
fendant, who was a furrier. She claims that during the luncheon hour
her employer told her to remain in the store, and that he assaulted her
and attempted to kiss her. The plaintiff was uncertain as to the date
of the alleged assault, and admits that she made no outcry, and told
no one of the occurrence shortly after she claims it happened. She
testified that after the assault the defendant left the place, but that she
remained until late in the afternoon, as she wished to tell the defend-
ant upon his return what she thought of his conduct. The plaintiff was
not corroborated, either by witnesses or circumstances. The defend-
ant denied absolutely the charge against him, and testified that the
plaintiff was an inexperienced and incompetent model, and that he
"called her down for not standing straight," and that the next morn-
ing she did not appear at the store. The defendant was corroborated
in some respects by the testimony of two of his employés. Upon cross-
examination counsel for the plaintiff asked the defendant whether he
had ever been divorced. This inquiry was followed up with a dozen
more of a similar nature, asking whether he had not been named as
a co-respondent in a divorce suit and had papers served upon him in
such an action. All of these questions were objected to by the defend-
ant's counsel, but the objections were overruled, and the defendant
duly excepted.

In view of the nature of the case, it is apparent that these questions
were asked solely to prejudice the defendant in the eyes of the jury.
In no view of the case were they relevant. The objection to them
should have been promptly sustained by the court, and counsel for the
plaintiff prohibited from asking other questions of a like nature. We
think it probable that, in a case where the issue was so narrow as it
was here, the defendant may have been prejudiced by the suggestions
which were repeatedly made in these questions. A verdict won by such
means is not fairly won, and will not be allowed to stand. The courts

of late have had frequent occasion to rebuke improper conduct of this kind, and have repeatedly enunciated the rule that, where such conduct is resorted to, the judgment will be reversed. Salutary results from this rule can only be secured by the action of the courts in adhering consistently to it, to the end that it may be understood that resort to such unfair means will in every case carry with it the penalty of a reversal. This case should be retried, and submitted to another jury to pass upon, under circumstances that secure a fair trial to both of the parties.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.